## CARR v. McCAMPBELL ET AL.

CLARKE'S GRANT.—*Town of Clarksville.—State of Virginia.—Judicial Notice.— Supreme Court.*—The Supreme Court takes judicial notice, as a part of the history of this State, that the grant of land by the State of Virginia, commonly called Clarke's Grant, 2 R. S. 1876, p. 711, was surveyed and located adjacent to the Falls of the Ohio river, in the counties of Clarke, Floyd and Scott, in this State; and also that the town of Clarksville was located and laid out abutting on the Ohio river, within such grant, in said counties of Clarke and Floyd.

SAME.—*Act Amending Charter of Clarksville.*—The act of June 17th, 1852, Special Acts of 1852, p. 96, "amendatory of the charter of the town of Clarksville," etc., has never been amended or repealed, and is still in full force, and governs that part of Clarke's Grant laid off and platted as the town of Clarksville.

SAME.—*Incorporation of Part of Town.—Town of Ohio Falls.—Case Overruled.—* Under such amendatory statute it was incompetent for any portion of the town of Clarksville to organize itself into an independent town; and therefore the organization of part of such town under the corporate name of the town of Ohio Falls was void. *St. Clair* v. *Kelly*, 50 Ind. 535, overruled.

SAME.—*Action to Recover Proceeds of Sales of Lots.—Parties.—Demand.*—An action against the successors of the trustees nominated in the act of the State of Virginia, 2 R. S. 1876, p. 711, to compel them to surrender up the books and papers connected with, and the proceeds of, the sales of the lots laid out and platted as the town of Clarksville under such grant, can

. be maintained only by the board of trustees of such town, elected by vir-
tue of the provisions of the act amending the charter of the town of
Clarksville, *supra,* after demand made by such board on such successors,
and refusal by the latter.

SAME.—*Mandate.*—*Pleading.*—A mere citizen of such town can not compel
such surrender, by mandate or otherwise, even though he allege himself
to be suing for the benefit of all the citizens thereof.

From the Clarke Circuit Court.

*J. H. Stotsenburg,* for appellant.

*J. G. Howard* and *J. F. Reed,* for appellees.

Howk, J.—In this action, the appellant, as plaintiff,
sued the appellees, as defendants, in the court below.

In his complaint, the appellant alleged, in substance,
that he was an inhabitant of the tract of land, containing
about one thousand acres, commonly called Clarksville,
and then the town of Ohio Falls, in Clarke's Grant, Clarke
county, Indiana; that there were at least five hundred
inhabitants of said tract who were equally interested with
the appellant in the subject-matter of this suit, and the
question involved is one of a common and general inter-
est to all of them, and they were so numerous that it was
impracticable to bring them all before the court; and,
therefore, with leave of the court, the appellant sued for
the benefit of all said inhabitants; that, in the year 1783,
the Commonwealth of Virginia, then owning said Clarke's
Grant, and having exclusive sovereignty over the country
north-west of the river Ohio, within which the said grant
was situated, provided by statute that said one thousand
acres of land should be laid out for a town, which was
accordingly done pursuant to said statute, and that, after
the plat of said lands had been returned, which was also
done pursuant to said statute, the title to said lands
should be invested in ten "gentlemen," trustees, named
in said statute, who should lay off the same into lots and
streets, and that thereupon said trustees, or any five of
them, should sell the said lots, and that the moneys
arising from such sale should be applied by said trustees

in such manner as they might judge most beneficial for the inhabitants of said town; that said trustees sold said lots, and the net proceeds thereof amounted to over twenty thousand dollars; that the said trustees named by Virginia were all dead, and the appellees, James H. McCampbell, John F. Reed, Peter Myers, Thomas J. Howard, William S. Jacobs and William H. Fogg, all of whom reside in said Clarke county, claimed, that, by reason of the death, removal out of the county and other legal disabilities of said trustees, and their successors, they, the appellees, were the proper and lawful successors of said ten trustees, specified in said statute, and that, under such claim, they, the appellees, had in their possession and under their control at least the sum of ten thousand dollars, properly belonging to the inhabitants of said town, and which ought to be applied for their benefit; that said moneys, instead of having been so applied, had been loaned by the appellees to themselves and their friends, and no accounting whatever had been made to the inhabitants of said town for the same, or any part thereof; that the appellees were not the successors of the trustees named in said statute, and were not the trustees of the town of Clarksville, because long since, by reason of the failure to supply the places of those who died, resigned or removed from said Clarke county, the number of the trustees had been reduced below ten, the number specified in said Virginia statute, and, therefore, the appellees held and retained said moneys without right or authority of law; that, since 1870, the inhabitants of said tract of land had been under the municipal government of the trustees of the town of Ohio Falls, which was incorporated under the general law of this State, providing for the incorporation of towns, which town was laid out on said one thousand acres of land, and had ever since constituted a body politic and corporate, by the name of Ohio Falls, and as such town was the proper and only agent of the said inhabitants, to which said money should

be paid, for the benefit of said inhabitants; and that the appellees, although properly requested thereunto, had refused to pay over said moneys to the said town of Ohio Falls, for the benefit of its inhabitants. Wherefore the appellant prayed the court to compel the appellees, by a writ of mandate, to pay the said moneys to the said town of Ohio Falls, and for all other proper relief in the premises.

To this complaint, the appellees demurred, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained by the court, and to this decision the appellant excepted; and, declining to amend or plead further, judgment was rendered against him, in favor of the appellees, on their demurrer, for the costs of suit.

In this court, the appellant has assigned as error the decision of the court below, in sustaining the appellees' demurrer to his complaint.

It seems very clear to us, that this action can not be maintained by the appellant, as plaintiff. As stated in the appellant's complaint, the town of Clarksville embraced within its boundaries one thousand acres of land, which was platted and laid out as a town, under and pursuant to a statute of the Commonwealth of Virginia, in the year 1783. At that time Virginia claimed sovereignty over the territory north-west of the river Ohio, embracing within its limits the present State of Indiana. The Assembly of Virginia granted to " Colonel George Rogers Clarke, and the officers and soldiers who assisted in the reduction of the British posts in the Illinois," one hundred and fifty thousand acres of land on the north-west side of the Ohio river, the length of which should not exceed double the breadth. By the statute of Virginia, passed in 1783, a board of commissioners was created for the purpose of locating and surveying the said grant of land. It was made the duty of this board of commissioners to first lay out " one thousand acres at the most

convenient place" in said grant "for a town." In section 2 of said statute, it was further enacted, "That a plat of the said one thousand acres of land laid off for a town, shall be returned by the surveyor to the court of the county of Jefferson, to be by the clerk thereof recorded; and thereupon the same shall be and is hereby invested in William Fleming, John Edwards, John Campbell, Walker Daniel, George Rogers Clarke, John Montgomery, Abraham Chaplin, John Bailey, Robert Todd and William Clarke, gentlemen, trustees, to be by them, or any five of them, laid off into lots of half an acre each, with convenient streets and public lots, which shall be and the same is hereby established a town by the name of Clarksville.". 1 G. & H., p. 723.

It is a part of the history of this State, of which we take notice, that this grant of land by Virginia to the officers and soldiers of Col. George Rogers Clarke's Illinois Regiment, sometimes called "Clarke's Grant" and sometimes the "Illinois Grant," was surveyed and located adjacent to the Falls of the Ohio river, lying chiefly in Clarke county, but extending westward into Floyd county, and northward into Scott county, in this State; and that the town of Clarksville was located and laid out in the two counties of Clarke and Floyd, and abutting on the Ohio River.

It was further provided in said section 2 of the said statute of Virginia, "That after the said lands shall be laid off into lots and streets, the said trustees, or any five of them, shall proceed to sell the same, or so many as they shall judge expedient, at public auction, for the best price that can be had, * * * and the money arising from such sale, shall be applied by the said trustees in such manner as they may judge most beneficial for the inhabitants of the said town; * * * and, in case of the death, removal out of the county, or other legal disability, of any of the said trustees, the remaining trustees shall supply such vacancies by electing others, from time

to time, who shall be vested with the same powers as those particularly nominated in this act."

It appears from the appellant's complaint, that the appellees in this action claim to be the trustees of said town of Clarksville, as the successors of those nominated in said Virginia statute, under the terms thereof.

By the sixteenth clause of the schedule in the Constitution of this State, of 1851, it was provided as follows :

" *Sixteenth.* The General Assembly may alter or amend the charter of Clarksville, and make such regulations as may be necessary for carrying into effect the objects contemplated in granting the same ; and the funds belonging to said town shall be applied according to the intention of the grantor."

Under the power thus conferred, the General Assembly of this State, at the first session thereof after the adoption of the Constitution of 1851, passed an act entitled " An act amendatory of the charter of the town of Clarksville in Clarke and Floyd counties," approved June 17th, 1852.   Special Acts of 1852, p. 96.

This act is in full force, having never been amended nor repealed ; and, in our opinion, it is the law of this State which is applicable to and governs the one thousand acres of land which were laid off and platted as the town of Clarksville, under the Virginia statute before referred to. It provided that the number of the trustees of said town should thereafter be three, and it prescribes the manner of choosing these trustees.   It. is very certain, we think, that it was not competent, under this legislation, for any part of the said town to organize itself into another town, under the general law of this State providing for the incorporation of towns.   1 R. S. 1876, p. 874.   It is true, that the town of Clarksville might, under section 56 ot said general law, " by a resolution of the board of trustees " of said town, " entered upon the record book of the corporation, become incorporated under " said general law.

But this is the only mode prescribed by law, whereby the said town of Clarksville, or any part thereof, could become incorporated under said general law for the incorporation of towns.

In the case of *St. Clair* v. *Kelly*, 50 Ind. 535, it is very certain that the attention of this court was not directed to the statute of this State "amendatory of the charter of the town of Clarksville, in Clarke and Floyd counties," before referred to; as, otherwise, it would never have been held by this court, that it was competent for a part of said town of Clarksville to organize and incorporate itself into a new and independent town, under the name of the town of Ohio Falls or any other name, under the provisions of the general law of this State providing for the incorporation of towns.

By the light afforded us by the legislation of this State amendatory of the charter of the town of Clarksville, *supra*, we are constrained to say, that the decision of this court in the case referred to in 50 Ind. 535 was a mistake, and to hold, as we do now, that the town of Ohio Falls was not properly incorporated under the general law of this State.

By section 5 of the said act amendatory of the charter of the town of Clarksville, it is provided, that the trustees of said town, elected under the provisions of said act, may call upon the trustees and officers of the corporation, under the said statute of Virginia, and demand of them the surrender up to the said trustees, under said amendatory act, "of all the books, papers and property of every description in their possession belonging to said corporation; and if not surrendered on demand," the said trustees, under said amendatory act, were thereby vested with all the necessary authority to compel the same by due process of law. *Supra.*

It is clear, we think, from what we have written, that this action can not be maintained.

If the appellees are, as it is said they claim to be,

the trustees of the town of Clarksville, under said statute of Virginia, and if, as such trustees, they have in their possession books, papers, property or money, belonging to the corporation of Clarksville, they can only be required, under the provisions of said amendatory act, to surrender the same up to the trustees of said town of Clarksville, elected under said amendatory act, and not then until after demand made for, and a refusal or failure to make, such surrender.

In our opinion, the appellant's complaint did not state facts sufficient to constitute a cause of action in his favor or against the appellees ; and therefore we hold, that no error was committed by the court below in sustaining the appellees' demurrer to said complaint.

The case of *St. Clair* v. *Kelly*, *supra*, is overruled.

The judgment is affirmed, at the appellant's costs.

Opinion filed at November term, 1877.

Petition for a rehearing overruled at May term, 1878.