The State, *ex rel.* Howard, Prosecuting Attorney, *v.* Hertsch *et al.*

Filed Jan. 2, 1894.

---

No. 17,104.

THE STATE, EX REL. HOWARD, PROSECUTING ATTORNEY, *v.* HERTSCH ET AL.

TOWNS.—*Right to Reincorporate.—Statute Construed.— Town of Clarksville.*—The right given to towns to reincorporate, by section 3316, R. S. 1881, act March 6, 1853, is still effective as to the town of Clarksville, notwithstanding the act of March 3, 1883, repealing certain amendatory acts of the charter of said town, and pertaining to the incorporation of towns on the out-lots of Clarksville.

PRACTICE.—*Statute.—Constitutionality of.*—Courts will inquire into the constitutionality of a statute only where the merits of the issues between the parties demand it.

From the Clark Circuit Court.

*E. B. Stotsenburg* and *G. H. Voigt*, for appellants.
*L. A. Douglass* and *J. G. Howard*, for appellees.

HACKNEY, J.—The appellant instituted this proceeding against the appellees, in the court below, by an information, in two counts, in the nature of a *quo warranto*, under section 1131, *et seq.*, R. S. 1881.

A demurrer was sustained to each count, and that ruling is assigned in this court as error.

Each count is of great length, and it will serve no good purpose to copy them, but it will be sufficient for the purposes of this decision to state that the inquiry sought is as to the legality of the incorporation of the town of Clarksville, in the counties of Floyd and Clark, under the act of the Commonwealth of Virginia, of 1783 (1 G. and H., page 723), the act of the General Assembly, of this State, approved June 17th, 1852 (Special and Local Acts, 1852, page 96), and under the general statute for the incorporation of towns, in force May 6, 1853 (R. S. 1881, section 3316; R. S. 1894, section 4338).

The counts charge the historical facts of the grant, the location and incorporation of the town under said act of 1783, the subsequent acquirement, by the State of Indiana, of jurisdiction over the lands upon which said town was located, the more recent amendment to the charter of said town by said act of 1852; that the commissioners and trustees provided by said acts had held their offices thereunder until August 13th, 1890; that on said last named day the trustees of said town, pretending to act by the authority of said section 3316, R. S. 1881, adopted a resolution declaring said town incorporated under said provision.

The historical facts, so charged, may be found stated in like manner in *Carr* v. *McCampbell*, 61 Ind. 97.

Appellant's learned counsel, in their able brief, say that "up to 1883 the trustees of Clarksville might, by a proper resolution to that effect and in conformity to section 3316, of the R. S. 1881, *supra*, have surrendered the old charter of Clarksville, and incorporated under the general laws governing towns," but it is further contended that by the act of March 3d, 1883, p. 74, such right was taken away, and that the resolution adopted did not; therefore, accomplish the result of so incorporating.

In this contention lies the issue in this case. The concession of counsel, that the town could have availed itself of the privilege of incorporating under section 3316, R. S. 1881, is supported by the holding of this court in *Carr v. McCampbell*, *supra*, and it remains to be determined whether the act of March 3d, 1883, *supra*, deprived the town of that privilege.

The first section of that act repeals certain sections of the act of June 17th, 1852, *supra*, which made certain amendments to the charter of said town, but involved no question of incorporating or re-incorporating.

The second section is as follows:

"Section 2. Towns and cities may be laid out, established and incorporated in accordance with and under the provisions of the general laws of this State, relating to the incorporation of towns and cities, upon any part of the one thousand acres constituting the outlots of Clarksville, which lie west of the approach to the Ohio river bridge: *Provided*, that the inlots of the old town shall always be called and known by the name of Clarksville, and no city or town shall ever be laid out or established upon any part of the inlots of said town, without the consent of at least three-fourths of all the voters resident upon said inlots."

It is manifest that the towns and cities, the location of which, upon the one thousand acres of the town of

Clarksville, is attempted to be authorized, are other than said town of Clarksville.

The plain purpose of the act was to grant to new towns and cities a location upon said one thousand acres, and there is no limitation upon the powers and privileges of said town of Clarksville, further than that implied in the permission granted. The permission granted expressly related to locations upon out-lots, or upon in-lots with the consent of three-fourths of the voters of the town of Clarksville. The adoption of the privileges of the general law by Clarksville, under section 3316, R. S. 1881, *supra*, was in no manner affected by the act quoted.

Much is said in argument about this act confining the town of Clarksville to in-lots, and that the resolution of the board of trustees has the effect, if authorized, to comprehend the one thousand acres, the grant of the Commonwealth of Virginia for such town, and thereby to take in and make a part of its incorporation the located and inhabited, but unincorporated, towns of Ohio Falls and Howard Park, thus including the out-lots referred to in said act of 1883.

There is nothing in the facts pleaded, nor in the history of Clarksville, from which we can take judicial cognizance of the extent to which Clarksville has occupied out-lots, since such lots were so designated by the plat filed a century before the passage of said act, nor does it appear that said town officers are extending its limits beyond those claimed to have been defined by said act of 1883.

The resolution does not comprehend more than the town of Clarksville, and we can not presume that it includes more than is legally within the proper limits of said town. Said resolution is a part of the information, and we are enabled to construe it without reference to the allegations of its effect. Effort is made by the appellee to

secure a decision as to the constitutionality of the act of 1883, but we must decline to entertain the inquiry, as courts uniformly hold that constitutional inquiry will only be made where the merits of the issue between the parties demand it.

This is not a proceeding to determine the powers and privileges of Ohio Falls and Howard Park. It is simply a proceeding to determine whether Clarksville might properly re-incorporate under the general law for the incorporation of towns and without the consent of three-fourths of the voters therein, notwithstanding the act of 1883. We hold that this could properly be done, and that therefore the information was insufficient, and the circuit court committed no error in sustaining the appellees' demurrer.

The judgment of the circuit court is affirmed.

Filed Jan. 23, 1894.