#### IN THE

# Supreme Court of Judicature

#### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1899, IN THE
EIGHTY-THIRD AND EIGHTY-FOURTH YEARS OF THE STATE.

---

### THE STATE v. DARLINGTON.

[No. 18,335.   Filed May 23, 1899.]

CRIMINAL LAW.—*Coercion of Employe.— Indictment.—Master and Servant.*—An indictment charging that a railway company did unlawfully coerce and attempt to coerce the prosecuting witness by discharging him from its employ, because he was a member of a lawful labor organization, does not state facts sufficient to constitute a public offense within the meaning of §2302 Burns 1894, where it is not charged that defendant threatened to discharge him unless he withdrew from the labor organization.   *pp. 2-4.*

CONSTITUTIONAL LAW.—*Invalidity of Statute.—Review.*—Courts will not pass upon a constitutional question, and decide a statute to be invalid, unless such decision is absolutely necessary to a disposition of the cause on its merits.   *p. 4.*

From the Marion Criminal Court.   *Affirmed.*

*W. A. Ketcham*, Attorney-General, and *C. S. Wiltsie*, for State.

*S. N. Chambers, S. O. Pickens* and *C. W. Moores*, for appellee.

DOWLING, J.—Indictment for an alleged violation of an act to protect employes, and to guarantee their right to belong to labor organizations.   Acts 1893, p. 146, §2302 Burns 1894.

On motion of the defendant, the Marion ·Criminal Court quashed the indictment, and this ruling presents the only question to be determined on this appeal.

The indictment, omitting its title and formal parts, was as follows: "The grand jurors for the county of Marion, and State of Indiana, upon their oaths present that Frank G. Darlington, on the 29th day of June, A. D. 1894, at and in the county of Marion, and State aforesaid, being then and there the agent, officer, and superintendent of a corporation, to wit, the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company, did then and there unlawfully coerce, and attempt to coerce one William Carroll by then and there discharging him, the said William Carroll, from the employ of said railway company, because he, the said William Carroll, was then and there a member of a lawful labor organization, to wit, the American Railway Union; contrary," etc. ·

The grounds of the motion to quash were (1) that the facts stated in the indictment did not constitute a public offense, and (2) that the statute under which said indictment was found was unconstitutional.

It is generally true, as a rule of criminal pleading, that, where the particular act or acts constituting the offense are clearly defined by the statute, it is sufficient to charge the offense in the language of the statute.   But, as was said in State v. Aydelott, 7 Blackf. 157, "This mode of setting out an offense is not always attended with the requisite certainty."   There should· be such a specific description of the offense as will apprise the defendant with certainty of the crime with which he is charged, and enable him to plead the verdict and judgment, in any future prosecution for the same offense.

The indictment charges that the defendant did unlawfully

State *v.* Darlington.

*coerce,* and attempt to *coerce,* the prosecuting witness by discharging him. The signification of the word *"coerce"* is "to impel to, or restrain from, action by physical or moral force; to constrain to do or forbear by force or fear; to compel." Standard Dictionary.

"(1) · To restrain by force, especially by law or authority; to repress, to curb. (2) To compel or constrain to any action. ✳ ✳ ✳

"*Coerce* had at first only the negative sense of checking or restraining by force; as, to coerce a bad man by punishments, or a prisoner with fetters. It has now gained a positive sense, viz., that of driving a person into the performance of some act which is required of him by another; as to *coerce* a man to sign a contract; to *coerce* obedience. In this sense (which is now the prevailing one), '*coerce*' differs but little from '*compel,*' and yet there is a distinction between them. *Coercion* is usually accomplished by indirect means, as threats or intimidation, physical force being more rarely employed in *coercing.*" Webster's International Dictionary.

To render a charge of *coercion,* or attempted *coercion,* intelligible, it is necessary that the act or thing the person coerced, or attempted to be coerced, was compelled to do, or refrain from doing, should be set forth. Used as the word *"coerce"* is in this indictment, its sense is incomplete. To discharge a man from employment because he is a member of a particular association, is not to *coerce,* but to *punish* him. A threat to discharge one in the employment of another unless he will withdraw from an association, would, according to the result, be coercion, or an attempt to coerce. The statute is somewhat vague and uncertain, and a charge in the words of the act that the defendant coerced, or attempted to coerce, an employe, cannot be understood, without the further allegation that he threatened, or otherwise intimidated, or attempted to intimidate, the employe with the penalty of a discharge unless he should sever his connection with, or re-

frain from joining, such association. By the terms of the statute, the offense consists, not in discharging the employe, but in *coercing*, or attempting to *coerce*, him by discharging, or attempting to discharge, him. But the indictment here does not show in what respect the employe was *coerced*, or an attempt was made to *coerce* him. If it had been stated that the defendant threatened to discharge the employe unless he withdrew from the labor organization of which he was a member, and that upon his refusal to withdraw he was so discharged, a different question would have been presented.

The motion to quash the indictment also calls in question the constitutionality of the statute on which the prosecution is founded.

It is a rule of decision, that courts will not pass upon a constitutional question, and decide a statute to be invalid, unless a decision upon that very point becomes necessary to the determination of the cause. This court has repeatedly held that questions of this character will not be decided unless such decision is absolutely necessary to a disposition of the cause on its merits. *Hoover* v. *Wood*, 9 Ind. 286; *Bowles* v. *State*, 13 Ind. 427; *State, ex rel.*, v. *Hertsch*, 136 Ind. 293; *Stale* v. *Atkinson*, 139 Ind. 426; *State, ex rel.*, v. *Krost*, 140 Ind. 41; *Board, etc.*, v. *Board, etc.*, 146 Ind. 138; *Legler* v. *Paine*, 147 Ind. 181.

As the indictment in this case must be held insufficient on account of the defect we have pointed out, we deem it unnecessary to express any opinion upon the question of the constitutionality of the act of February 25, 1893, §2302 Burns 1894.

The judgment is affirmed.