WILLIAM D. KIRK *v.* ROY L. HARRIS.

[No. 3-675A117. Filed June 29, 1977.]

446

*Kenneth D. Reed, Abrahamson, Reed and Tanasijevich,* of Hammond, for appellant.

*John P. McQuillan, Spangler, Jennings, Spangler & Dougherty,* of Gary, for appellee.

STATON, P.J.—William D. Kirk (Kirk) appeals from the jury's assessment of damages. Kirk had been granted a default judgment against Roy L. Harris (Harris) by the trial court, and the damage issue was submitted by the court to the jury. The jury assessed damages in the amount of $2500, and, on appeal, Kirk presents to us four alleged errors:

(1) The court erred in submitting the damage issue to the jury.

(2) The verdict reflects an inadequate assessment of damages.

(3) The court erred in giving Defendant's Tendered Instruction Number 4.

(4) The court erred in overruling Kirk's objections to Harris' counsel's remarks during final argument.

We find no reversible error, and we affirm.

I.

Jury's Assessment of Damages

Kirk's claim arose out of an accident which occurred on May 4, 1972, in which the car in which he was riding was rear-ended by a vehicle owned and operated by Harris. Harris failed to appear when summoned, and Kirk filed an Affidavit and Application for Default Judgment. The court entered judgment by default and ordered:

> ". . . The Court holds in reserve the issue as to the amount of damages to be awarded for a hearing to be set at the convenience of the Court and upon request of plaintiffs."

Harris appeared by counsel and demanded a trial by jury on the issue of damages. Kirk objected to Harris' demand, and the objection was overruled by the court. The jury trial resulted in the jury assessing damages in the amount of $2500.

Kirk complains on appeal that the issue of damages should never have been submitted to a jury since a default judgment was entered, and it was stipulated by the parties that Harris was liable. Kirk asserts that the damages should have been assessed by the court. Harris rejoins by pointing out that in Kirk's original pleading Kirk had requested a jury trial; not only was no harm done by submitting the damage issue to the jury, since originally the entire cause would have been decided by a jury, but it would have been improper under the trial rules for the right to trial by jury to have been withdrawn without Harris' permission.[1]

Indiana Trial Rule 55 (B) provides in pertinent part:

> ". . . If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or *to determine the amount of damages* or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing or order such references as it deems necessary and proper and *shall accord a right of trial by jury to the parties when and as required.*" (Emphasis added).

A jury trial on the issue of damages is a factual hearing, and, as such, the right to a jury trial is *as of right* upon demand by "any party." Indiana Trial Rule 38. Indiana Trial Rule 39 (A) (2) provides:

> "If a party demands a jury trial on any issue upon which he is entitled to jury trial as of right in the case, the court shall grant it on that issue."

---

1. Indiana Trial Rule 38 (D). See also 38 (C) (2).

Indiana case law is in accord. *Bash* v. *Van Osdol* (1881), 75 Ind. 186; *Briggs* v. *Sneghan* (1873), 45 Ind. 14. The action of the trial court in submitting the issue of damages to the jury was proper.

## II.

## Inadequacy of Verdict

Kirk alleges that the amount of damages assessed by the jury was inadequate. To determine if an award is inadequate, the same rules are applied as if the verdict were being challenged as excessive. *Rondinelli* v. *Bowden* (1973), 155 Ind. App. 582, 293 N.E.2d 812. Reversal upon appeal is not justified if the amount of damages awarded is within the scope of the evidence before the court. *Old Town Development Company* v. *Langford* (1976), Ind. App., 349 N.E.2d 744. For a court to reverse for inadequacy the award must show the jury was motivated by "prejudice, passion, partiality or corruption, or considered some improper element." *Wynder* v. *Lonergan* (1972), 153 Ind. App. 92, 101, 286 N.E.2d 413, 418; *Chicago South Shore & South Bend Railroad* v. *Brown* (1974), 162 Ind. App. 493, 320 N.E.2d 809.

> "For a formula then, our common law sets only the general guidelines for compensating the victim, each in its own way to be considered by the trier of facts and weighed to determine what the total compensation will be. Because of this personal nature of each case and since the decision is unique to the particular set of facts our courts have said the trier of facts is to be given 'sound discretion,' and 'liberal discretion' where damages cannot be defined and calculated with mathematical certainty or by any exact standard. . . ." (Citations omitted). *Kavanagh* v. *Butorac* (1966), 140 Ind. App. 139, 145, 221 N.E.2d 824, 828.

Kirk is asking us to reweigh the evidence. This we will not do. The evidence relating to Kirk's impaired earning ability and lost wages was conflicting. We may look on appeal only to that evidence and the reasonable inferences therefrom which support the verdict. *Vesey, Inc.* v. *Hillman China Co.* (1972), 151 Ind. App. 388, 280 N.E.2d 88.

## III.

### Disability Instruction

Harris tendered an instruction on the issue of permanent disability:

"Instruction No. 4

The plaintiffs have the burden of proof on any claim for permanent disabiilty. You are instructed that before you would be justified in awarding any plaintiff damages for permanent disability, it must appear from a fair preponderance of the evidence that permanent disability is reasonably certain to follow from the injury complained of and proved by the evidence. The fact that an injury may *possibly* result in permanent disability is not sufficient to warrant the assessment of damages for a permanent disability." (Emphasis added).

Kirk objected upon the ground that the instruction was not a correct statement of the law, invaded the province of the jury, and was repetitious. The instruction was properly given.

The jury heard conflicting testimony on the issue of permanent disability. In *The Ohio and Mississippi Railway Company* v. *Cosby* (1886), 107 Ind. 32, 35-36, 7 N.E. 373, 375, the Indiana Supreme Court approved a very similar instruction. The same doctrine was approved in *Ft. Wayne Transit, Inc.* v. *Shomo* (1957), 127 Ind. App. 542, 551-552, 143 N.E.2d 431, 436. Such an instruction is completely consonant with our view that the jury must be able to base its award of damages on evidence of probative value rather than being left to speculate and conjecture. *Scott* v. *Nabours* (1973), 156 Ind. App. 317, 296 N.E.2d 438. The evidence *most* favorable to Kirk indicated only that Kirk "might be" permanently disabled. Kirk himself testified he could do everything at the time of trial that he could do before the accident. And, Kirk continued his employment in which he installed 125 pound sheet rock ceilings by holding the ceiling on his head. In light of the evidence presented, the giving of the instruction was not error.

## IV.

### Final Argument

Both parties stipulated before trial that

". . . Counsl [*sic*] will make no mention during the voir dire examination, during final argument, or at any time before the jury, regarding the presence of liability insurance or the lack of liability insurance; counsel will instruct each witness to avoid any mention of liability insurance."

During final argument, Harris' counsel made a comment which Kirk views as contrary to the stipulation, and which Kirk alleges was prejudicial:

". . . Roy Harris is going to have to take your judgment this afternoon and walk out of the courthouse with a debt according to what you say it is."

Kirk's counsel objected,

"Your Honor, I think I am going to object to this argument.

"This is the first time in 15 years that I objected to an argument. From what he says Harris is going to walk out of here with a debt[.] I represent to the court there has been no evidence on that subject and it isn't true. You can't argue something that isn't the truth."

The objection was overruled by the court:

"Mr. Reed, I don't think it's a proper objection to make."

Harris' counsel responded that "[w]ell, we are talking about a judgment, Mr. Reed."

In *Chrysler Corporation* v. *Alumbaugh* (1976), 168 Ind. App. 363, 342 N.E.2d 908, 914, this Court set out the requisite actions for a challenge based on supposed misconduct.

". . . Procedurally, the injured party must either (a) interpose a prompt objection and seek an admonishment before requesting a mistrial, or (b) promptly object and move at once for a mistrial stating the reasons why the harm done could not be cured by any other action the court might take. . . .

"In addition, appellate review of misconduct of counsel has been said to require an affirmance unless it appears

the misconduct was probably the means of securing a wrong verdict. . . .

". . . [O]ur courts, while acknowledging the error in [disclosing insurance], have generally left it to the discretion of the trial judge, who is most aware of the total context and probable import of the error, to determine whether an admonishment is sufficient corrective action. . . ." (Citations and footnote omitted).

Kirk's attorney objected, but he did not either ask for an admonishment or move for a mistrial. Even if we were to assume that he deemed such steps useless in light of the ruling on the objection, it is imperative that he proceed correctly to preserve the alleged error for appeal. The purpose of our stated procedure is to allow the trial court to correct its errors immediately.

Moreover, in this fact situation, we note that the events following the ruling on the objection were consistent with the events which might have occurred had the objection been sustained. Harris' counsel refrained from further allusion or reference to the subject of insurance, and corrected the original comment by stating "we are talking about a judgment." Under such conditions, any harm resulting would be minimal, and the court did not abuse its discretion in denying Kirk's Motion to Correct Errors.

While *Lamb* v. *York* (1969), 252 Ind. 252, 261, 247 N.E.2d 197, 203, indicates that "a deliberate attempt on the part of counsel to inject insurance into a case would be reversible error," we cannot conclude that the use of the word "debt" in this situation was more than inadvertent. The trial court was in a better position to judge the demeanor of counsel, and we will not reverse absent a clear showing of abuse.

Having been shown no reversible error, we affirm.

Hoffman and Garrard, JJ., concur.

NOTE.—Reported at 364 N.E.2d 145.