Offie L. LAPSLEY and Eunice E. Lapsley, Appellants (Plaintiffs below),

v.

Rita JACKSON, Appellee (Defendant below).

No. 3–178A16.

Court of Appeals of Indiana, Third District.

Jan. 25, 1979.

Donald C. Swanson, Jr., Fort Wayne, for appellants.

Gary J. Rickner, Fort Wayne, for appellee.

STATON, Judge.

After hearing trial evidence relating to an automobile collision, the jury returned verdicts for Offie L. Lapsley and his wife, Eunice E. Lapsley against Rita Jackson. Eunice Lapsley recovered $1,500 plus costs. On appeal, the Lapsleys argue that the jury assessed inadequate damages in light of the evidence presented.[1] We affirm the trial court's judgment.

On April 21, 1975, the automobile driven by Eunice Lapsley was struck in the rear by the automobile driven by Rita Jackson. No police were called, as damage to the automobiles appeared to be minimal.[2] Mrs.

---

1. The jury rendered judgment in favor of Offie Lapsley on his complaint for loss of his wife's services and consortium. However, the jury awarded him no monetary damages. Lapsley raised this alleged error in the motion to correct errors, but failed to argue the issue in his brief, as required by Ind. Rules of Procedure, Appellate Rule 8.3(A)(7). The alleged error is thus waived.

2. Total property damage to both automobiles was less than $200.

Lapsley drove to a car dealer to get a repair estimate. She then telephoned the police and her insurance agent. Later she began to experience various physical discomforts and went to a doctor. Two days later, on April 23, 1975, Mrs. Lapsley was admitted to the hospital where she remained for 24 days. The final diagnosis of Dr. Jeff Towles included a bruised trachea, whiplash of the neck, shoulder sprain, traumatic pancreatitis,[3] and gallstones. She was discharged on May 17, 1975. She was readmitted on June 2, 1975 for a two-week stay, with a diagnosis of pancreatitis and gastroenteritis. Mrs. Lapsley did not return to work until April 13, 1976.[4]

Prior to trial, both parties stipulated to the authenticity and reasonableness of the medical expenses incurred during Mrs. Lapsley's treatment ($4,643.75 for the two hospital stays). Both parties also stipulated to the fact that Mrs. Lapsley sustained lost wages in the amount of $7,405.20. Defendant-appellee Jackson, however, raised the issue of whether these damages were related to the automobile collision. The jury rendered a verdict for Mrs. Lapsley and assessed damages of $1,500 against Jackson.

On appeal, Mrs. Lapsley argues that the damages she was awarded were inadequate in light of the specific losses she proved.

■■■ The determination of damages is a jury question. On appeal, we may look only to the evidence and the inferences therefrom which support the award. *Kirk v. Harris* (1977), Ind.App., 364 N.E.2d 145. When an award is challenged as inadequate, this Court applies the same rules as if the verdict were being challenged as excessive. *Kirk v. Harris, supra; Wickizer v. Medley* (1976), Ind.App., 348 N.E.2d 96; *Green v. Oakley* (1969), 145 Ind.App. 307, 250 N.E.2d 594. This court will reverse an award as inadequate only when the amount of damages assessed by the jury is so low that it

shows the jury was clearly motivated by prejudice, passion, partiality or corruption, or considered some improper element. *Kirk v. Harris, supra; Wickizer v. Medley, supra; Green v. Oakley, supra.*

■■■ Although both parties stipulated that Mrs. Lapsley suffered certain monetary losses, we are unable to say that the jury was required to award her precisely those amounts upon a finding that Jackson was negligent. Mrs. Lapsley had the burden of proving that all of her injuries and losses were proximately caused by Jackson's negligence in order to recover those total amounts. It was within the province of the jury to believe or disbelieve the expert opinions as to Mrs. Lapsley's condition, as contained in Dr. Towle's deposition.

The jury could have believed, based upon Mrs. Lapsley's extensive hospital records, that Mrs. Lapsley suffered from other disorders which contributed to her need for hospitalization on two occasions following the collision. Both times the diagnoses included ailments that were not necessarily caused by the collision. The jury was entitled to determine that only certain injuries were proximately caused by Jackson's negligence and to award damages accordingly. Finally, Mrs. Lapsley's loss of wages over a period of a year following the collision was clearly related only in part to the accident, as she suffered other unrelated ailments during that period.

We find that the verdict of the jury was not so inadequate as to suggest that the jury acted improperly.

Mrs. Lapsley also argues that the trial court erred in refusing to give the jury an instruction concerning damages which result from the aggravation of a pre-existing condition.

---

**3.** At the deposition of Dr. Towles, he read a statement contained in a letter from Dr. Tate to the effect that. Dr. Tate did not think Dr. Towles could confirm or deny the presence of traumatic pancreatitis with reference to Mrs. Lapsley's gastrointestinal symptoms both at the time of the accident and in June 1975.

**4.** In the meantime, she suffered other ailments, one of which resulted in another hospital stay; none of these were related to the accident.

At trial Mrs. Lapsley made no claim and presented no evidence alleging that her physical injuries and complications were in any way aggravated by reason of her pre-existing condition. In fact, Mrs. Lapsley attempted to show that her injuries were entirely unrelated to her prior physical infirmities. Where the evidence fails to support an instruction, the trial court may properly refuse it. *Dahlberg v. Ogle* (1978), Ind., 373 N.E.2d 159.

Mrs. Lapsley claims that Jackson introduced evidence that could give rise to an inference on aggravation; she refers to the introduction of her past medical records which showed that she suffered from numerous internal complaints prior to the accident. The mere possibility that the jury could have considered aggravation, in a case where no such theory was argued by either side, cannot require the trial court to instruct the jury on aggravation.

We note that Jackson's purpose in introducing Mrs. Lapsley's medical records concerned an attempt to show that Mrs. Lapsley suffered from a chronic set of symptoms which occurred contemporaneously with the automobile accident and which were not proximately related to Jackson's negligence. This is entirely consistent with the case argued by Mrs. Lapsley. Mrs. Lapsley failed to argue that her injuries may have been aggravated by her pre-existing condition. Therefore, it was up to the jury to decide whether all or only part of Mrs. Lapsley's injuries were proximately caused by Jackson's negligence.

We hold that the trial court correctly refused Mrs. Lapsley's tender of an instruction concerning aggravation of a pre-existing condition. The remaining instructions adequately instructed the jury in its determination of damages. The jury determined that some of Mrs. Lapsley's injuries were proximately caused by the automobile accident and awarded her $1,500. However, the comparatively small size of the award indicates that the jury felt that most of Mrs. Lapsley's injuries and lost wages were unrelated to the automobile accident.

We find no error. The judgment is affirmed.

HOFFMAN, J., concurs.

GARRARD, P. J., concurs with opinion.

GARRARD, Presiding Judge, concurring.

I agree that under the evidence the verdict was not inadequate.

I also agree there was no reversible error in refusing appellants' tendered instruction on damages. However, I do not premise that result on the absence of evidence that a pre-existing condition was aggravated by the collision. Such evidence was present although it was produced by the defendant.

It is true that aggravation of a pre-existing condition was not the theory of plaintiff's complaint nor an issue posed in the pre-trial order. That, however, does not preclude its application. The theory of the claim was negligence and, if established, plaintiff was entitled to recover for the damages naturally accruing therefrom. If those damages were "merely" aggravation of a pre-existing condition, then that was the extent to which plaintiff was entitled to recover.

The tendered instruction stated:

"In an action for personal injuries caused by the wrongful acts or omissions of others, the injured person is entitled to full compensation for all damages proximately resulting from the defendant's acts even though her injuries may have been aggravated by reason of her pre-existing physical condition; or were rendered more difficult to cure by reason of her age or existing state of health; or because of her age or existing state of health, the injuries were rendered more serious to her than they would have been had she been a younger person or in robust health."

This language is confusing at best. More significantly, final instructions numbered 20, 21 and 22 which were given by the court properly and adequately defined the measure of damages. Thus, there was no error in refusing the tendered instruction.