Bryan C. SCOTT, Appellant–Defendant,

v.

Lawrence W. CRUSSEN and Nancy Crussen, Appellees–Plaintiffs.

No. 45A03–0003–CV–116.

Court of Appeals of Indiana.

Dec. 29, 2000.

Rehearing Denied Feb. 13, 2001.

744

David W. Conover, Griffith, Indiana, Attorney for Appellant.

Daniel A. Sawochka, Merrillville, Indiana, Attorney for Appellee.

## OPINION

FRIEDLANDER, Judge.

Bryan C. Scott appeals the trial court's assessment of damages in favor of Lawrence W. and Nancy Crussen following the entry of default against Scott. Restated, the issues presented on appeal are:

1.  Did the trial court abuse its discretion when it denied Scott's request to continue the hearing on damages?

2.  Did the trial court err when it denied Scott's demand for a jury trial on the damages issue?

3.  Did the trial court err when, in fashioning its damage awards, it looked only to affidavits and discovery responses submitted by the Crussens?

4.  Are the damage awards excessive or the product of speculation?

We affirm.

The facts disclose that Lawrence Crussen was injured when Scott's vehicle collided with Crussen's truck. On October 21, 1998, the Crussens filed their complaint

against Scott. Lawrence sought compensation for personal injuries, pain and suffering, lost wages, and medical expenses; Nancy alleged lost services and companionship. Scott did not answer the complaint, and the Crussens moved for entry of default. On March 15, 1999, the trial court granted the Crussens' motion with respect to liability, but set a prehearing conference on the damages issue.

On April 6, 1999, Scott filed his appearance and jury demand. He also initiated discovery and moved to vacate the judgment. In an August 20, 1999 order affirming entry of default, the trial court determined that the damages sought were "unliquidated and uncertain" and that "no jury was demanded or that the same is now waived...." *Record* at 58. The court also directed that, pursuant to Trial Rule 43(E), "no oral testimony will be taken and ... all evidentiary materials shall be submitted by affidavit or deposition...." *Id.* The Crussens were given until November 2, 1999 to submit their affidavits and exhibits. Scott did not challenge any part of the order.

█ The Crussens responded to Scott's discovery requests in October of 1999. They also filed affidavits with exhibits in the trial court. Included were supplemental discovery requests, which Scott received nine days before the scheduled hearing. Scott moved for continuance, but the trial court denied his request. On November 12, 1999, after oral arguments, the court awarded $75,000.00 in damages to Lawrence Crussen and $25,000.00 to Nancy Crussen. Scott filed an unsuccessful motion to correct error. This appeal ensued. Additional facts are provided as necessary.[1]

---

1.  Scott did not include in the Record of the Proceedings either the transcript of the hearing on damages or the Crussens' affidavits and exhibits on which the trial court based its awards. The Crussens now petition to supplement the record and to recover costs. *See* Ind. Appellate Rules 7.2(B), 7.2(C), and 15(H); *Adamson v. Norwest Bank, NA,* 609

N.E.2d 35 (Ind.Ct.App.1993). The omitted portions of the record are material and necessary for proper review of the issues raised. Accordingly, we grant the Crussens' petition. The allowable costs of producing the supplemental record are charged to Scott. *See Owensby v. Lepper,* 666 N.E.2d 1251 (Ind.Ct.App. 1996) (stating that copying and postage are

### 1.

Scott first contends that the trial court erred when it refused to grant his motion for continuance of the November 12, 1999 hearing. The decision whether to grant or deny a continuance lies within the sound discretion of the trial court, and its decision will not be overturned on appeal absent clear abuse of that discretion. *Danner v. Danner*, 573 N.E.2d 934 (Ind. Ct.App.1991), *trans. denied.* "The moving party must be free from fault and show that his rights are likely to be prejudiced by the denial." *Id.* at 937.

Here, Scott claims that a physician's letter, part of the supplemental discovery responses, cast doubt upon the cause of Lawrence Crussen's injuries. Thus, he complains that he needed more time to investigate the causation issue. The Crussens point out that Scott did not schedule any depositions in this case. Nor did he serve any requests for production on Lawrence Crussen's health care providers or his employer, even though Scott was aware of the hearing date.

Scott had the means to discover the relevant information earlier, but chose not to do so. Considering the deference given to the trial court's decision and Scott's lack of diligence, we cannot conclude that the trial court abused its discretion when it denied Scott's request for continuance of the hearing.

### 2.

Next, Scott challenges the trial court's denial of his demand for a jury trial on the issue of damages. Our Indiana Constitution guarantees that "[i]n all civil cases, the right of trial by jury shall re- main inviolate." IND. CONST. art. I, § 20. That right is not absolute, however, and it can be waived. *Hamlin v. Sourwine*, 666 N.E.2d 404 (Ind.Ct.App.1996). Indiana Trial Rule 38(B) sets out the procedure for exercising the right to a jury trial where the right exists. *E.P. v. Marion County Office of Family and Children*, 653 N.E.2d 1026 (Ind.Ct.App.1995). Under the rule, in a civil case, a demand for a jury trial must be made by the requesting party no later than ten days after the first responsive pleading is due. T.R. 38(B);[2] *Smith v. Washington*, 716 N.E.2d 607 (Ind.Ct. App.1999), *aff'd in relevant part*, 734 N.E.2d 548 (Ind.2000). "The failure of a party to appear at the trial, and the failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitute waiver by him of trial by jury." T.R. 38(D); *see Smith v. Washington*, 716 N.E.2d 607.

Scott did not meet the deadline articulated in T.R. 38(B). Nevertheless, he insists that he preserved his right to a jury trial. In support of his position, Scott directs us to *Kirk v. Harris*, 173 Ind.App. 445, 364 N.E.2d 145 (1977). In *Kirk*, as here, the defendant in a negligence action failed to appear when summoned. The trial court entered judgment by default regarding liability but held the damages issue in reserve. The defendant then appeared by counsel and demanded a trial by jury on the issue of damages. The court granted the request. *Id.* The plaintiff appealed, arguing that the issue should never have been submitted to a jury. This court disagreed, observing that the plaintiff had requested a jury trial in his original pleading. We further reasoned, "A

---

allowable costs); *Briggs v. Clinton County Bank & Trust Co.*, 452 N.E.2d 989 (Ind.Ct. App.1983) (assessing cost of transcript submitted by appellee to appellant).

**2.** The full text of T.R. 38(B) reads:

Any party may demand a trial by jury of any issue triable of right by a jury by filing with the court and serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than ten (10) days after the first responsive pleading to the complaint, or to a counterclaim, crossclaim or other claim if one properly is pleaded; and if no responsive pleading is filed or required, within ten (10) days after the time such pleading otherwise would have been required. Such demand is sufficient if indorsed upon a pleading of a party filed within such time.

jury trial on the issue of damages is a factual hearing, and, as such, the right to a jury trial is *as of right* upon demand by 'any party.'" *Id.* at 447, 364 N.E.2d at 147 (quoting T.R. 38).

After *Kirk* was decided, however, T.R. 38(D) was amended by addition of the following:

The trial court shall not grant a demand for a trial by jury filed after the time fixed in T.R. 38(B) has elapsed except upon the written agreement of all of the parties to the action, which agreement shall be filed with the court and made a part of the record. If such agreement is filed then the court may, in its discretion, grant a trial by jury in which event the grant of a trial by jury may not be withdrawn except by the agreement of all of the parties.

T.R. 38(D).[3] To the extent that *Kirk* sanctions an untimely unilateral demand for a jury trial, the clear language of the amendment supersedes it. In this case, Scott's demand was untimely under T.R. 38(B), and there was no written agreement pursuant to T.R. 38(D). The trial court properly denied Scott's demand for a jury trial.

### 3.

▇ We next consider whether the trial court erred when, in relying upon Indiana Trial Rule 43(E), it based the damage awards upon affidavits and attached exhibits. T.R. 43(E) provides:

**Evidence on motions.** When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions.

Under the rule, ex parte affidavits may be received as evidence in "interlocutory or preliminary matters, although they would be but hearsay at trial." *Indiana & Michigan Elec. Co. v. Pounds,* 426 N.E.2d 45, 48 (Ind.Ct.App.1981).[4]

▇ As the trial court stated, the damages in this case were "unliquidated and uncertain". *Record* at 58. In other words, resolution of the issue was a question of fact. Under those circumstances, a defendant may introduce evidence and cross-examine the plaintiff's witnesses in order to prove matters that extenuate or mitigate the damages alleged by the plaintiff. *Whitewater Valley Canoe Rental, Inc. v. Bd. of Franklin County Comm'rs,* 507 N.E.2d 1001 (Ind.Ct.App.1987), *trans. denied.* Thus, a hearing on unliquidated damages after entry of default is not the type of procedure contemplated by Rule 43(E). *See Holman v. Holman,* 472 N.E.2d 1279 (Ind.Ct.App.1985) (holding that hearing upon wife's petition for attorney fees in proceedings to enforce and modify child support award constituted a trial within the meaning of T.R. 43(A) rather than evidence on a motion under T.R. 43(E)).

▇ In this case, however, Scott did not challenge the court's order establishing evidentiary limitations. Further, at the hearing itself, Scott neither objected to

---

**3.** The amendment limits the power of a trial court to grant an untimely unilateral demand for a jury trial, while preserving a procedure by which the parties may agree to one. *Comments by Indiana Supreme Court Committee on Rules of Practice and Procedure,* WILLIAM F. HARVEY, 3 INDIANA PRACTICE, RULES OF PROCEDURE ANN., at 44 (Supp. 2000).

**4.** The *Pounds* court explained:

In preliminary motions, the usual system of evidentiary rules is often ignored, partly because of the subsidiary and provisional nature of the inquiry, but chiefly because there is no jury, and the rules of evidence are, as rules, traditionally associated with a trial by jury. The courts have not been greatly concerned by this practice because the danger inherent in the lack of an opportunity to cross-examine is mollified by the proven good sense of trial judges and by fairly straightforward rules of procedure. However, motions and accompanying affidavits affecting critical issues of a case deserve scrutiny when a decision on a motion may well determine the outcome of the trial.

426 N.E.2d at 48 (internal citation omitted).

any specific materials offered by the Crussens nor attempted to call witnesses or introduce evidence. "An appellant cannot sit idly by without objecting, await the outcome of the trial, and thereafter raise an issue for the first time on appeal." *Hansford v. Maplewood Station Bus. Park,* 621 N.E.2d 347, 355 (Ind.Ct.App. 1993). We conclude that Scott's ill-timed challenge to the procedure utilized by the trial court is waived by his failure to object to the format of the proceedings in the trial court. *See Trout v. Trout,* 638 N.E.2d 1306 (Ind.Ct.App.1994) (holding that failure to object to abbreviated proceeding in marital dissolution action constituted waiver), *trans. denied.* Scott has not demonstrated reversible error.

### 4.

 In his final argument, Scott asserts that the damages awarded were excessive and based upon speculation. Appellate review of damage awards is deferential:

> "An appeal of a damage award as excessive is governed by a strict standard of review. We will neither reweigh the evidence nor judge the credibility of witnesses, and will consider only the evidence favorable to the award. A judgment is not excessive unless the amount cannot be explained upon any basis other than prejudice, passion, partiality, corruption, or some other improper element. A damage award must be supported by probative evidence and cannot be based on mere speculation, conjecture, or surmise. Thus, a damage award will be reversed only when it is not within the scope of the evidence before the finder of fact."

*Beverly Enterprises, Inc. v. Spragg,* 695 N.E.2d 1019, 1021 (Ind.Ct.App.1998) (quoting *Fowler v. Campbell,* 612 N.E.2d 596, 603 (Ind.Ct.App.1993)).

Here, the evidence favorable to the awards shows that Lawrence Crussen suffered soft-tissue injuries, which exacerbated spinal abnormalities and caused pain.

Lawrence lost his job and was unable to find suitable employment. His estimate of lost wages was $4,000.00. Medical bills totaled an additional $13,422.95. Nancy Crussen described the changes in the marital relationship due to Lawrence's condition. Based on this evidence, the trial court awarded $75,000.00 to Lawrence and $25,000.00 to Nancy. We cannot say that the awards are excessive or based merely upon speculation. *See id.* (affirming award of sixteen times special damages).

Judgment affirmed.

KIRSCH, J., and DARDEN, J., concur.