## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 07 2016, 5:51 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Todd Ess
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE THE STATE OF INDIANA

Gregory F. Zoeller
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Krystal Wilburn,

*Appellant-Defendant,*

v.

State of Indiana, and the Consolidated City of Indianapolis/Marion County, and the Metropolitan Law Enforcement Agency,[1]

*Appellees-Plaintiffs.*

April 7, 2016

Court of Appeals Case No. 49A02-1509-MI-1491

Appeal from the Marion Superior Court

The Honorable Thomas Carroll, Judge

Trial Court Cause No. 49D06-1502-MI-3740

---

[1]Although only the State of Indiana filed an appearance on appeal for the Appellees-Plaintiffs, pursuant to Indiana Appellate Rule 17(A), the parties of record in the trial court are also parties on appeal.

**Pyle, Judge.**

## Statement of the Case

After the State of Indiana, the Consolidated City of Indianapolis/Marion County, and the Metropolitan Law Enforcement Agency (collectively "the State") filed a complaint for forfeiture against Kyle Tyson, ("Tyson"), Krystal Wilburn ("Wilburn") intervened and filed a demand for jury trial pursuant to Article I, Section 20 of the Indiana Constitution. The State filed a motion to strike the demand, which the trial court granted after finding that the forfeiture was an equitable action and that no right to a jury trial exists in such cases. However, because we conclude that Wilburn's demand was not timely filed pursuant to Indiana Trial Rule 38(B), we affirm its denial and do not reach the constitutional issue.

We affirm.

## Issue

> Whether Wilburn's jury demand was timely filed pursuant to
> Indiana Trial Rule 38(B).

## Facts

On November 6, 2014, Indianapolis Metropolitan Police Department ("IMPD") Covert Operations, with the assistance of the IMPD SWAT Team, served a search warrant on a residence occupied by Wilburn and Tyson. IMPD officers found drugs, drug paraphernalia, and $2,944. On February 4, 2015, the

State filed a forfeiture complaint against Tyson. The complaint alleged that the $2,944 "had been furnished or was intended to be furnished in exchange for a violation of a criminal statute, or [was] traceable as proceeds of a violation of a criminal statute, in violation of Indiana law, as provided in I.C. 34-24-1-1." (App. 9).

[4] In June 2015, Wilburn claimed an interest in the $2,944 and moved to intervene in the forfeiture action. She also moved for an enlargement of time to respond to the State's complaint. The trial court granted Wilburn's motions and ordered her to file her responsive pleading by July 10, 2015. Wilburn filed an answer and counterclaim on that date.

[5] Approximately one month later, on August 13, 2015, Wilburn filed a demand for jury trial pursuant to Article I, Section 20 of the Indiana Constitution and Indiana Trial Rule 38. The State filed a motion to strike the demand. Specifically, the State argued that the language of Article I, Section 20 "has been interpreted to guarantee the right to a trial by jury only in actions at law which were triable to a jury prior to June 18, 1852. . . . Forfeiture proceedings are equitable in nature, and were not actions in law when the Indiana Constitution was ratified." (App. 34-35).

[6] The trial court agreed with the State and struck Wilburn's jury trial demand. Specifically, the trial court found that Wilburn's complaint was an equitable action and that no right exists to a jury trial in such cases. Wilburn filed a motion to certify the trial court's ruling for interlocutory appeal. The trial court

certified its order, and Wilburn filed a motion for permission to file an interlocutory appeal, which a panel of this Court granted.

## Decision

Wilburn argues that the "trial court committed reversible error when it determined that the right to a jury trial in civil *in rem* forfeiture proceedings does not exist under Article I, Section 20 of the Indiana Constitution." (Wilburn's Br. 4). However, we generally avoid addressing constitutional questions if the case can be resolved on other grounds. *Girl Scouts of Southern Illinois v. Vincennes Indiana Girls, Inc.,* 988 N.E.2d 250, 254 (Ind. 2013). Constitutional avoidance is a long-standing principle, and we will address constitutional questions only when it is "'absolutely necessary to a disposition of the cause on its merits.'" *Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 818 (Ind. 2012), *reh'g denied,* (quoting *State v. Darlington,* 153 Ind. 1, 5, 53 N.E. 925, 926 (1899)).

Here, the State contends that we need not address Wilburn's constitutional issue because her jury trial demand was not timely filed. Wilburn responds that the State may not raise this issue for the first time on appeal. It has long been the general rule that an argument or issue presented for the first time on appeal is waived for the purposes of appellate review. *Bureau of Motor Vehicles v. Guntner*, 27 N.E.3d 306, 311 (Ind. Ct. App. 2015). However, in the *Guntner* case, we noted that our Indiana Supreme Court has recently signaled a shift away from this rule as far as appellees are concerned. *Id.* at 312. For example, we pointed out that in *Citimortgage*, 975 N.E.2d at 813, the supreme court stated

that a party who has prevailed in the trial court may defend the trial court's ruling on any ground, including grounds not raised at trial. *Id.* We also noted that this "rule is consistent with the presumption in all appeals that the trial court's judgment is correct as well as the general rule that on appeal we will affirm a judgment on any theory supported by the record." *Id. See J.M. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 975 N.E.2d 1283, 1289 (Ind. 2012) (explaining that on appellate review the trial court's judgment will be affirmed if sustainable on any theory or basis found in the record). Finding that the State did not fail to preserve its timeliness argument by failing to present it to the trial court, s*ee Guntner*, 27 N.E.3d at 312 (explaining that Guntner did not fail to preserve her due process claim by failing to present it to the trial court), we now address it.

[9] Article I, Section 20 of the Indiana Constitution guarantees that '[i]n all civil cases, the right of trial by jury shall remain inviolate." However, that right is not absolute and can be waived. *Scott v. Crussen*, 741 N.E.2d 743, 746 (Ind. Ct. App. 2000), *reh'g denied, trans. denied*.

[10] Regarding jury trials, Indiana Trial Rule 38(B) provides as follows:

> **(B) Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by filing with the court and serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than ten (10) days after the first responsive pleading to the complaint, or to a counterclaim, cross claim or other claim if one properly is pleaded; and if no responsive pleading is filed or required within

ten (10) days after the time such pleading otherwise would have been required. . . .

\*     \*     \*     \*     \*

**(D) Waiver.** The failure of a party to appear at the trial, and the failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitute waiver by him of trial by jury. . . .

The trial court shall not grant a demand for trial by jury filed after the time fixed in T.R. 38(B) has elapsed except upon the written agreement of all of the parties to the action, which agreement shall be filed with the court and made a part of the record. . . .

[11] Thus, a demand for a jury trial must be made by the requesting party no later than ten days after the first responsive pleading is due. *Scott*, 741 N.E.2d at 746. A party who fails to serve and file a demand for jury trial within the time allotted by Trial Rule 38(B) waives trial by jury unless the parties to the action file a written agreement. Ind. T.R. 38(D); *Daughtery v. Robinson Farms, Inc.*, 858 N.E.2d 192, 196 (Ind. Ct. App. 2006), *trans. denied*.

[12] Here, Wilburn filed her responsive pleading on July 10, 2015. Her jury trial demand was therefore due on or before July 20, 2015. However, Wilburn did not file her demand until August 13, 2015, which was well beyond the ten-day prescribed time period. In addition, the parties did not file a written agreement with the court. Wilburn has waived her right to a jury trial by failing to make a

timely demand. *See Daughtery*, 858 N.E.2d at 196 (holding that Daughtery waived his right to a jury trial by failing to make a timely demand).

[13] Affirmed.

Kirsch, J., and Riley, J., concur.