**PLUMMER & CO., INC., Appellant–
Plaintiff Below,**

v.

**Richard and Susan COLE, d/b/a Yes It's
Yogurt # 2, Yes It's Yogurt # 1, Cider
Press and 121 Trim Center, Appellees–
Defendants Below.**

No. 43A03–9208–CV–00242.

Court of Appeals of Indiana,
Third District.

May 19, 1993.

Paul D. Refior, Warsaw, for appellant-plaintiff.

Stanley E. Pequignot, Jamelyn E. Casbon, Rockhill, Pinnick, Pequignot, Helm & Landis, Warsaw, for appellees-defendants.

STATON, Judge.

Plummer & Co., Inc. ("Plummer & Co.") appeals the amount of damages it received in the judgment entered in its favor and against Richard and Susan Cole, d/b/a Yes It's Yogurt # 1; Yes It's Yogurt # 2; Cider Press and 121 Trim Center. Plummer & Co. presents five issues for our review, which we consolidate into one and restate as follows: whether the evidence is sufficient to support the trial court's damage award.

We affirm.

The evidence most favorable to the judgment reveals that Richard and Susan Cole ("the Coles") are the owners of the following four businesses: Yes It's Yogurt # 1; Yes It's Yogurt # 2; Cider Press; and 121 Trim Center. In August of 1988, the Coles entered a contract with Plummer & Co., a public accounting firm, pursuant to which Plummer & Co. would provide accounting services to the Coles and their four businesses. Plummer & Co. instituted this breach of contract action when the Coles refused to pay the bills totaling $2,105.84 from Plummer & Co. for services rendered.

Following a bench trial, the trial court entered the following pertinent findings of fact and judgment *sua sponte*:

\* \* \* \* \* \*

4.  That Plaintiff's claim for accounting fees is based upon services rendered in preparation of personal property tax filings and financial statements for all businesses herein, together with incidental office, telephone, and written communications.

5.  That the evidence submitted by the Plaintiff in support of time invested in rendering these services is obtuse, contradictory, and lacks genuine indicia of reliability. Further, time alone is an insufficient indication of value of services rendered in these causes, and in that regard the Court refers by analogy to the Rules of Professional Conduct, Rule 1.5, in assessing the appropriate value of services. That rule provides, in part, that a fee shall be reasonable and shall be based upon time and labor required, the fee customarily charged, the novelty of the work, the deadline involved, if any, the requisite work skill employed, and the results obtained.

6.  That by application of the above standards, the Court finds that Plaintiff provided accounting services of some value and further finds that the value of those services is minimized by erroneous and incomplete results. Specifically, the Court finds that with regard to the property tax filings prepared by the Plaintiff, said filings were done in an erroneous manner after apparent multiple reviews by Plaintiff before filing.

7.  That the Court further finds that with regard to the preparation of financial statements for all businesses, a substantial amount of the work provided by Plaintiff was necessitated by its own errors.

8.  That the Court further finds that while the Plaintiff completed all financial statements for the Defendants

herein, which is evidenced by the use of those figures with regard to the 1988 federal income tax filings, the Court is persuaded that the Defendants never received those completed financial forms and thus their value is further minimized as to the Defendants.

9. That the Court further finds that the fees charged by the Plaintiff were excessive when viewed against the worked [sic] accomplished.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, by the Court that the Plaintiff take judgment against the Defendants, Richard Cole and Susan Cole, d/b/a Yes It's Yogurt # 2, Yes It's Yogurt # 1, Cider Press, and 121 Trim Center as follows:

1. In Cause Number 43E01–9103–SC–360 Plaintiff takes judgment against [the Coles] d/b/a Yes It's Yogurt # 2, jointly and severally, in the amount of $106.00 together with court costs in the amount of $30.00 for a total judgment and costs in the amount of $136.00 and with interest thereon from and after this date at ten percent (10%) per annum.

2. In Cause Number 43E01–9103–SC–361 Plaintiff takes judgment against [the Coles] d/b/a Yes It's Yogurt # 1, jointly and severally, in the amount of $87.50 together with court costs in the amount of $30.00 for a total judgment and costs in the amount of $117.50 and with interest thereon from and after this date at ten percent (10%) per annum.

3. In Cause Number 43E01–9103–SC–362 Plaintiff takes judgment against [the Coles] d/b/a Cider Press, jointly and severally, in the amount of $195.00 together with court costs in the amount of $30.00 for a total judgment and costs in the amount of $225.00 and with interest thereon from and after this date at ten percent (10%) per annum.

4. In Cause Number 43E01–9103–SC–363 Plaintiff takes judgment against [the Coles] d/b/a 121 Trim Center, jointly and severally, in the amount of $126.00 together with court costs in the amount of $30.00 for a total judgment and costs in the amount of $156.00 and with interest thereon from and after this date at ten percent (10%) per annum.

Record, pp. 32–35.

■ When a party has requested specific findings of fact and conclusions of law under Ind.Trial Rule 52(A), the reviewing court cannot affirm the judgment on any legal basis; rather, this Court must determine whether the trial court's findings are sufficient to support the judgment. *Vanderburgh County Board of Commissioners v. Rittenhouse* (1991), Ind.App., 575 N.E.2d 663, 665, *trans. denied.* In reviewing the judgment, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Id.* The judgment will be reversed only when clearly erroneous, i.e., when the judgment is unsupported by the findings of fact. *DeHaan v. DeHaan* (1991), Ind.App., 572 N.E.2d 1315, 1320, *trans. denied.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

■ This same standard of review applies when the trial court gratuitously enters specific findings of fact and conclusions of law, with one notable exception. When the trial court enters such findings *sua sponte*, the specific findings control only as to the issues they cover, while a general judgment standard applies to any issue upon which the court has not found. *In re Marriage of Snemis* (1991), Ind.App., 575 N.E.2d 650, 652. We may affirm a general judgment on any theory supported by the evidence adduced at trial. *Id.*

■ Plummer & Co. contends the evidence does not support the trial court's findings of fact, and thus, Plummer & Co.

is entitled to recover the total amount that it charged the Coles for services rendered. We do not agree. A review of the record shows that evidence of the following was presented at trial:

1. time sheets of Plummer & Co. employees indicate that work was done on certain financial statements *after* the statements were delivered to the Coles;

2. the Coles were charged for the preparation of corporate tax returns even though their businesses were not incorporated;

3. the Coles were charged $62.60 for an initial conference at Plummer & Co., notwithstanding the firm's policy of not charging for initial conferences;

4. time sheets indicate that meetings between Richard Cole and Ray Plummer, the president and sole shareholder of Plummer & Co., were held on September 20, 1989, October 5, 1989 and October 13, 1989 for purposes of discussing the possibility of selling Yes It's Yogurt #2. However, the Coles sold that business on September 18, 1989 and Richard Cole testified there would have been no reason to hold such meetings after the sale;

5. the Coles were charged for the preparation of a cash flow statement which they never received; and no time sheets, log entries, or other documents were introduced at trial in support of such charges;

6. some of the charges on the bills had no corresponding time sheets for employees;

7. the personal property tax returns contained incorrect addresses for the businesses;

8. the Coles did not receive a final, corrected version of the financial statements;

9. the Coles were charged for the preparation of four personal property tax returns when only two were required;[1] and

10. the Coles were charged for telephone calls to Plummer & Co. regarding errors on their bills.

[8] Plummer & Co. argues that, because much of this evidence was presented by the Coles, who are admittedly not experts in accounting, it should be disregarded in favor of Ray Plummer's expert testimony. We disagree. A fact finder is not bound by the testimony of an expert. *In re Marriage of Gray* (1981), Ind.App., 422 N.E.2d 696, 703, *reh. denied.* Plummer & Co. is, in effect, inviting us to reweigh the evidence and assess witness credibility. This we will not do. Because there was evidence to support the trial court's findings of fact, we affirm the judgment below.

Affirmed.

HOFFMAN and CONOVER, JJ., concur.

---

1. 50 Indiana Administrative Code § 4.2–2–1 states that "a return may cover all business locations in a single taxing district."