**Charles TROTTER and Doris Trotter, Appellants–Plaintiffs,**

v.

**INDIANA WASTE SYSTEMS, INC., and Shirley Ann Carlson, Appellees–Defendants.**

No. 29A04–9211–CV–389.

Court of Appeals of Indiana, Fourth District.

April 20, 1994.

Rehearing Denied Sept. 12, 1994.

does not bear a file stamp for the day it was presumably entered into the Record of Judgments and Orders.

Jon R. Pactor, Indianapolis, for appellants-plaintiffs.

Stephen W. Lee, Jan M. Carroll, Indianapolis, for appellees-defendants.

CHEZEM, Judge.

### Case Summary

Appellants-plaintiffs, Charles Trotter ("Charles") and Doris Trotter ("Doris"), ap-

peal the trial court's grant of summary judgment in favor of appellee-defendant, Indiana Waste Systems, Inc. ("Indiana Waste"). We affirm.

## Issues

The Trotters present two issues for our review:

I. whether the trial court properly granted Indiana Waste's motion for summary judgment on Trotter's claim for slander of title; and,

II. whether the trial court properly granted Indiana Waste's motion for summary judgment on Trotter's claim for malicious prosecution.

## Facts and Procedural History

Charles and Doris were the owners of real estate located in Madison County, Indiana. On August 3, 1988, Charles entered into a purchase agreement for the sale of the real estate to Indiana Waste for the sum of $300,000. The contract provided that the transaction would be closed within thirty days, and was also contingent on the satisfaction of specific conditions by each party as set out in the contract.

September 2, 1988, passed without the parties closing the transaction. On September 5th, Charles' real estate agent delivered to Indiana Waste a copy of the land survey. On September 6th, Charles' attorney contacted Indiana Waste and requested the deposit of $10,000 in earnest money pending the closing. On September 13th, Indiana Waste delivered to Charles' real estate agent an amendment to the purchase agreement along with a check for $10,000. The amendment provided for the escrow of the $10,000 and also stated that Indiana Waste had satisfied or waived some of the contingencies contained in the purchase agreement. Neither Charles nor Doris signed the amendment. On September 14, 1988, both Charles and Doris entered into a purchase agreement for the sale of the real estate to Carl Roark and Edwin Barber ("Roark and Barber") for the sum of $310,000. This sales transaction was set to be closed on September 26, 1988.

On September 26, 1988, after having discovered that Trotters had executed a purchase agreement with Roark and Barber, Indiana Waste filed both a complaint against Charles for specific performance of the August 3rd purchase agreement and a lis pendens notice. The closing between Trotters and Roark and Barber did not occur.

On October 11, 1988, Indiana Waste obtained a title report concerning the real estate which stated that both Charles and Doris held title to the land. Indiana Waste determined that it could not enforce the August 3rd purchase agreement because it lacked Doris' signature and on November 29, 1988, dismissed the suit for specific performance.

On December 20, 1988, Trotters entered into another purchase agreement for the sale of the real estate to Roark and Barber. The purchase price was $250,000. The transaction closed on January 9, 1989.

On September 25, 1990, Trotters filed the instant action against Indiana Waste for slander of title, malicious prosecution, abuse of process, and interference with a contractual relation. Indiana Waste moved for summary judgment on the slander of title and malicious prosecution claims, which the trial court granted after a hearing. Trotters appeal.

## Discussion and Decision

On appeal from a grant of summary judgment, we consider the same issues and apply the same legal standard as the trial court. *Campbell v. Criterion Group* (1993), Ind.App., 621 N.E.2d 342, *on reh'g.* That is, summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Schrader v. Eli Lilly and Co.* (1993), Ind.App., 621 N.E.2d 635, *reh'g denied, trans. pending.* On review, we may not search the entire record to support the judgment, but may consider only that evidence which had been specifically designated to the trial court. *Keating v. Burton* (1993), Ind.App., 617 N.E.2d 588, *reh'g denied, trans. denied.*

## I. Slander of Title

■■■ Trotters argue that summary judgment was erroneously granted in favor of Indiana Waste because genuine issues of material fact existed concerning whether the statements made by Indiana Waste in its complaint for specific performance slandered Trotter's title to the real estate. To succeed on a claim for slander of title, a plaintiff must prove that false statements were made, with malice, and that the plaintiff sustained pecuniary loss as a necessary and proximate result of the slanderous statements. *Morris v. G. Rassel, Inc.* (1991), Ind.App., 576 N.E.2d 596. The essence of slander of title is the making of an unfounded claim concerning the ownership or security interest in property of another, resulting in financial loss to the rightful owner. *Tancos v. A.W., Inc.* (1986), Ind.App., 502 N.E.2d 109, *reh'g denied, trans. denied.* Trotters argue on appeal that the material they designated to the trial court showed the existence of a genuine issue of material fact: whether the statements in Indiana Waste's complaint for specific performance were made with malice. We disagree. Those materials designated by Trotters do not create a genuine issue of material fact or negate the contention that Indiana Waste was entitled to judgment as a matter of law.

■■■ Not all defamation is actionable. The law of libel and slander recognizes two classes of privileged communication, absolute and qualified. *Cadle v. McIntosh* (1912), 51 Ind.App. 365, 99 N.E. 779. If a statement is made under circumstances where it is absolutely privileged, no right of action accrues even though the statement would otherwise have been actionable. *Id.;* 18 I.L.E., Libel and Slander, § 51. Under Indiana law, statements contained in judicial pleadings are absolutely privileged if those statements are pertinent and relevant to the litigation. *Stahl v. Kincade* (1963), 135 Ind.App. 699, 192 N.E.2d 493. The determination of whether statements made in judicial pleadings are pertinent and relevant is a question of law for the court. *Id.; Briggs v. Clinton County Bank and Trust Co. of Frankfort, Indiana* (1983), Ind.App., 452 N.E.2d 989.

■■■ Here, Indiana Waste filed a complaint against Charles for specific performance.

Indiana Waste alleged that it had a legal interest in the real estate pursuant to the August 3rd contract. Trotters contend, both at the trial court and on appeal, that Indiana Waste did not have an interest in the real estate when it filed the lawsuit because the closing did not occur within thirty days as required by the contract. Trotters argue that this fact, and the inference that Indiana Waste knew it did not have an interest in the real estate, must be taken as true, and hence summary judgment was inappropriate. However, the issue for purposes of summary judgment is not whether Indiana Waste *actually had* an interest in the real estate at the time it filed the lawsuit, but whether Indiana Waste's *allegation that it did* is pertinent and relevant to its action for specific performance of the contract, therefore, making the statement absolutely privileged. It cannot be disputed that the claim of an interest in real estate obtained pursuant to an executed contract for its sale is relevant to a suit for specific performance of that contract. *See Strutz v. McNagny* (1990), Ind.App., 558 N.E.2d 1103, *trans. denied,* (statements in complaint that doctor was guilty of professional malpractice and had unjustly enriched himself at the expense of his client were relevant, even necessary, in bringing an action for malpractice and unjust enrichment). We hold, as a matter of law, Indiana Waste's statements in its complaint were pertinent and relevant to its suit for specific performance.

Trotters also argue that summary judgment was erroneously granted regarding their claim that the lis pendens notice slandered their title to the real estate. They contend that Indiana Waste was not entitled to judgment as a matter of law. The issue of whether statements in a lis pendens notice are absolutely privileged as judicial pleadings was addressed in the case of *Curry v. Orwig* (1981), Ind.App., 429 N.E.2d 268. In that case, the Currys claimed that a lis pendens notice filed along with a declaratory judgment action to determine rights to a private easement slandered their title.

In 1963, the Orwigs purchased a lot in a residential subdivision from the developer, the Currys. The Orwigs, as well as all the

other residents, were granted an ingress and egress easement in the road that entered the subdivision. The Currys retained title to the road. In 1968, the Currys acquired the land to the east of the subdivision and drew up plans for its development. The plans included extending the road through the Orwigs subdivision into the new subdivision. Believing that the increased traffic on the road would violate their easement rights, the Orwigs and other residents filed an action for declaratory judgment and a lis pendens notice covering the land both to the east and south of the subdivision. The Currys later attempted to sell part of the land covered by the lis pendens notice, but were unable to complete the sale because of the cloud on the title. The Currys then sued the Orwigs for slander of title.

The court in *Curry* held that a lis pendens notice is absolutely privileged under the rationale of *Stahl v. Kincade* if the party filing the notice had a sufficient "interest" in real estate pursuant to the lis pendens statute [1] that would justify the filing of the notice under that statute. In determining what constitutes an "interest" in real estate under the lis pendens statute, the court reasoned:

> The statute is intended to apply to *in rem* interests in real estate as stated in 4 W. Harvey and R.B. Townsend, Indiana Practice § 63.1B at 340 (1971):
>
>> The purpose of lis pendens notice is to provide machinery whereby a person with an in rem claim to property *which is not otherwise recorded* or perfected may put his claim upon the public records, so that third persons dealing with the defendant … will have constructive notice of it. (Original emphasis.)

The most frequent examples, and the clearest examples, of a proper lis pendens notice occur in situations where the plaintiff is asserting a claim to the title of real estate under an unrecorded deed or attempting to foreclose an unrecorded mortgage.

The opposite end of the spectrum is reached when a plaintiff files a lis pendens notice while asserting a personal claim against a defendant. For example, other courts have been faced with cases where a party alleging breach of contract for services involving realty has filed a lis pendens notice against the property and held that the claim is personal against the defaulting party until a judgment lien is entered. (Emphasis in original.) (Citations omitted.)

The court then went on to state that the case before it did not merely involve personal rights because by conveying easement rights to purchasers of lots in the new subdivision, the Currys would actually be conveying interests in the original easement that would conflict with those rights previously granted to Orwigs. The court stated that the only way in which prospective purchasers could be put on notice of the Orwigs' rights was by the filing of a lis pendens notice.

The case before us involves a claim to the title of real estate under a contract for the real estate's purchase. Such a claim is similar to the claim of an in rem interest in property through either an unrecorded deed or an unrecorded mortgage. *Curry, supra.* Indiana Waste's claim to the land's title through a contract for its sale is the kind of interest that requires filing a lis pendens notice under the statute to protect third parties.

1. Indiana Code § 34–1–4–2(b) provides:
"When a person commences a suit:
(1) in any court of this state or in a district court of the United States sitting in Indiana;
(2) whether by complaint as plaintiff or by cross-complaint as defendant; and
(3) to enforce any lien upon, right to, or *interest in any real estate* upon any claim not founded upon:
(A) an instrument executed by the party having the legal title to the real estate, as appears from the proper records of the county, and recorded as by law required; or

(B) a judgment of record in the county wherein the real estate is situated, against the party having the legal title to the real estate, as appears from the proper records;
the person shall file, with the clerk of the circuit court in each county where the real estate sought to be affected is situated, a written notice containing the title of the court, the names of all the parties to the suit, a description of the real estate to be affected, and the nature of the lien, right, or interest sought to be enforced against the same." (emphasis added).

We hold that the lis pendens notice was properly filed under the lis pendens statute, and therefore absolutely privileged under *Stahl.* Summary judgment was properly granted for Indiana Waste on Trotter's claim that the lis pendens notice slandered their title to the real estate.

## II. Malicious Prosecution

 Trotters argue that summary judgment was erroneously granted for Indiana Waste on its claim for malicious prosecution. The elements of an action for malicious prosecution are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted with malice in doing so; (3) the defendant had no probable cause to institute the action; and, (4) the original action was terminated in the plaintiff's favor. *Morris v. G. Rassel, Inc.* (1991), Ind.App., 576 N.E.2d 596. Trotters contend that there exists genuine issues of material fact concerning whether Indiana Waste acted with malice and without probable cause in bringing its suit for specific performance. Probable cause for the filing of a suit exists if, upon reasonable inquiry, a reasonable, intelligent, and prudent person would be induced to bring the action. *Id.*

Trotters argue that Indiana Waste lacked probable cause because no contract existed between the parties when Indiana Waste filed its suit for specific performance. Trotters cite to the contract provision which required that the closing must take place within thirty days, and the evidence that it did not. Trotters also allege that Indiana Waste did not fulfill any of its contractual conditions precedent before the thirty day closing period had expired.

 The evidence shows, however, that Indiana Waste had probable cause to believe that it had a enforceable purchase agreement when it filed the action for specific performance. After the September 2, 1988, closing deadline, Charles instituted negotiations with Indiana Waste by asking for a $10,000 earnest money deposit. It was reasonable for Indiana Waste to rely on this conduct of Charles as an extension of the closing date. Indiana Waste dismissed the specific performance action not because the contract had

expired due to the passage of time or the failure to fulfill conditions precedent, but only when it discovered from the title report that Doris was also a record owner of the real estate and that it could not enforce a purchase agreement that had been signed by Charles alone. The existence of probable cause in the filing of the specific performance suit bars Trotter's action for malicious prosecution. Summary judgment was properly granted on this claim.

Affirmed.

SHARPNACK, C.J., and STATON, J., concurring.