ATTORNEYS FOR APPELLANT
Barry A. Macey
Quincy E. Sauer
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
Julia Blackwell Gelinas
Maggie L. Smith
Indianapolis, Indiana

James W. Riley, Jr.
Stephanie S. Chaudhary
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
INDIANA CHAMBER OF COMMERCE
Donald R. Lundberg
Caitlin S. Schroeder
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
INDIANAPOLIS BAR ASSOCIATION
APPELLATE PRACTICE SECTION
Libby Y. Goodknight
Matthew T. Albaugh
Joel M. Schumm
Stephen J. Peters
Tyler D. Helmond
Josh S. Tatum
Indianapolis, Indiana

# In the
# Indiana Supreme Court



**FILED**
Jul 24 2014, 3:25 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 29S02-1407-CT-00483

CAROL SPARKS DRAKE,

*Appellant (Plaintiff below),*

v.

THOMAS A. DICKEY, CRAIG ANDERSON,
CHARLES E. PODELL, AND DUKE REALTY
CORP.,

*Appellees (Defendants below).*

Appeal from the Hamilton Superior Court
The Honorable J. Richard Campbell, Judge
No. 29D04-0908-CT-2767

On Petition To Transfer from the Indiana Court of Appeals, No. 29A02-1302-CT-152

**July 24, 2014**

**Per Curiam.**

This matter is before the Indiana Supreme Court on a petition to transfer jurisdiction filed by the appellees pursuant to Appellate Rule 57, following the Court of Appeals opinion reported as Drake v. Dickey, 2 N.E.3d 30 (Ind. Ct. App. 2013). One of the issues raised on transfer addresses footnote 2 of the Court of Appeals opinion. The footnote indicates the appellees failed to denominate as a cross-appeal an argument rejected by the trial court that the appellees contend is an alternative ground for affirming the summary judgment order.

Appellate Rule 9(D) permits an appellee to "cross-appeal without filing a Notice of Appeal by raising cross-appeal issues in the appellee's brief." Appellate Rule 46(D)(2) provides, "The Appellee's Brief shall contain any contentions the appellee raises on cross-appeal as to why the trial court or Administrative Agency committed reversible error." The Appellate Rules do not require the filing of a cross-appeal where the appellee does not seek reversal of the order or judgment appealed, but instead raises a ground for affirming that appears in the record and was rejected or not considered by the trial court or agency. Citimortgage, Inc. v. Barabas, 975 N.E.2d 805, 813 (Ind. 2012) ("a prevailing party . . . may defend the trial court's ruling on any grounds, including grounds not raised at trial.").

Accordingly, the Court grants transfer and summarily affirms the Court of Appeals opinion pursuant to Appellate Rule 58(A)(2), with the exception of footnote 2, which is hereby vacated.

Dickson, C.J., Rucker, Massa, and Rush, JJ., concur.
David, J., not participating.