

FILED

Jan 11 2019, 8:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEYS FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| F. Anthony Paganelli | Stephen J. Peters |
| Thomas D. Perkins | David I. Rubin |
| Stephanie L. Grass | PLUNKETT COONEY, P.C. |
| PAGANELLI LAW GROUP | Indianapolis, Indiana |
| Indianapolis, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| RCM Phoenix Partners, LLC, | January 11, 2019 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 18A-PL-1355 |
| v. | Appeal from the Marion Superior Court |
| 2007 East Meadows, LP, | The Honorable James B. Osborn, Judge |
| *Appellee-Defendant.* | Trial Court Cause No. 49D14-0807-PL-34494 |

**Bailey, Judge.**

# Case Summary

This case involves a ten-year-old lawsuit arising from a real estate transaction that did not close. The seller was appellant, RCM Phoenix Partners, LLC ("Phoenix"), and the potential buyer was appellee, 2007 East Meadows, LP ("Meadows"). Phoenix sued Meadows for, among other things,[1] slander of title based on the filing of a *lis pendens* notice and resulting damages. Phoenix appeals from the trial court decision denying its slander of title claim.

We affirm.

# Issues

Phoenix raises two issues on appeal which we restate as follows:

1. Whether Meadows waived its claim of absolute privilege regarding its *lis pendens* notice by raising it for the first time on appeal.

2. Whether the trial court erred in denying Phoenix's slander of title claim.

---

[1] Phoenix also sued to retain the earnest money deposited by Meadows. The trial court granted that claim, and Meadows did not appeal.

# Facts and Procedural History

[4] In July of 2007, Phoenix entered into a written Purchase and Sale Agreement ("Purchase Agreement") with Eureka Holdings Acquisitions, LLP ("Eureka"), under which Eureka would purchase an apartment community in Indianapolis ("the Property") from the owner/seller, Phoenix, for $9.05 million. In September of 2007, Eureka assigned the Purchase Agreement to Meadows. As Eureka's assignee, Meadows was required to pay the purchase price through a combination of cash at closing and assumption of Phoenix's existing mortgage on the Property with Wachovia Bank ("Wachovia").

[5] Because Meadows experienced delays in obtaining approval from Wachovia for Meadows to assume the mortgage on the Property, the parties agreed to several extensions on the closing date specified in the Purchase Agreement. Meanwhile, in December of 2007, the Indiana Housing Authority ("IHA") began an enforcement proceeding against Phoenix regarding the condition of the apartments located on the Property. In early-to-mid December of 2007, Paul Morris ("Morris"), a co-owner of the Property, informed Harris Block ("Block"), an employee of Meadows, about the IHA civil enforcement action.

[6] By January of 2008, Wachovia still had not approved Meadows to assume the mortgage on the Property. Meadows requested from Phoenix another extension of time on the closing date, but Phoenix denied that request. On

January 22, 2008, Meadows filed a lawsuit in Texas,[2] alleging Phoenix breached the Purchase Agreement and committed fraud, based on the pending enforcement action on the Property. On January 25, 2008, Meadows filed in Texas its first *lis pendens* notice in which it gave notice of the pending Texas lawsuit related to the Property.

[7] On July 31, 2008, Phoenix filed a lawsuit in Indiana in which it claimed Meadows breached the Purchase Agreement and, therefore, Phoenix was entitled to keep the earnest money deposit made by Meadows. That lawsuit was subsequently stayed pending the outcome of the lawsuit in Texas. On August 15, 2008, Meadows filed in the Indiana court an amended *lis pendens* notice of both the pending Texas and Indiana lawsuits.

[8] On April 14, 2010, the Court of Appeals of Texas affirmed the Texas trial court's dismissal of Meadows' lawsuit for lack of personal jurisdiction over Phoenix. *2007 East Meadows*, 310 S.W.3d at 208-09. In July 2011, Meadows moved to lift the stay in the Indiana case and that motion was granted. On August 15, 2011, Meadows filed its answer and counter-claims against Phoenix for breach of contract and fraud but did not raise any affirmative defenses. On September 17, 2012, Phoenix filed a supplemental complaint adding a claim against Meadows for slander of title and the resulting damages. On October 17,

---

[2] Eureka is a Texas entity, and Meadows is an Indiana limited partnership with its principal place of business in Dallas, Texas. *2007 East Meadows, L.P. v. RCM Phoenix Partners, L.L.C.*, 310 S.W.3d 199, 202 (Tex. App.-Dallas 2010, *pet. denied*).

2012, Meadows filed its answer to the supplemental complaint and also raised its counter-claims for breach of contract and fraud and raised seven affirmative defenses—none of which alleged its *lis pendens* notice was privileged as a matter of law. Appellant's App., Vol. II, at 238-39.

[9] On December 6, 2013, after learning that Phoenix was in negotiations to sell the Property to a third party, Meadows filed its third amended *lis pendens* notice regarding the pending Indiana case. On March 31, 2014, both parties moved for summary judgment as to Meadows' counter-claims for breach of contract and fraud. In an order dated June 26, 2014, the trial court granted summary judgment in favor of Phoenix and dissolved Meadows' pending *lis pendens* notice. Appealed Order at 7, Finding of Fact 32; Tr. Vol. III at 70. Meadows appealed.

[10] In *2007 East Meadows, LP v. RCM Phoenix Partners, LLC*, No. 49A05-1407-PL-300 (Ind. Ct. App. Jan. 20, 2016), *trans. denied*, a panel of this court affirmed the June 26, 2014, order granting Phoenix summary judgment on Meadows' counter-claims for breach of contract and fraud. On July 28, 2016, our Supreme Court denied transfer on that decision. *2007 East Meadows, LP v. RCM Phoenix Partners*, LLC, 57 N.E.3d 816 (Ind. 2016). On remand, the trial court issued an order noting that the only remaining claims were Phoenix's claims for retainer of the earnest money and slander of title. Following a two-day bench trial, on May 14, 2018, the trial court entered an order in favor of Phoenix regarding its claim for retention of the earnest money but found in favor of Meadows regarding Phoenix's slander of title and damages claim. In doing so,

the trial court issued findings of fact and conclusions of law. Regarding the slander of title claim, the trial court concluded that "[a]lthough Meadows made what eventually were found to be incorrect statements regarding Phoenix's ownership of the land in question, it did not do so maliciously and had a good faith basis for believing the statements were correct." Appealed Order at 12-13. Phoenix now appeals the denial of its slander of title claim.

# Discussion and Decision

## Standard of Review

At the parties' requests, the trial court entered findings and conclusions pursuant to Indiana Trial Rule 52, and our standard of review in that situation is well settled:

> First, we determine whether the evidence supports the findings and second, whether the findings support the judgment. In deference to the trial court's proximity to the issues, we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. We do not reweigh the evidence but consider only the evidence favorable to the trial court's judgment. Challengers must establish that the trial court's findings are clearly erroneous. Findings are clearly erroneous when a review of the record leaves us firmly convinced a mistake has been made. However, while we defer substantially to findings of fact, we do not do so to conclusions of law. Additionally, a judgment is clearly erroneous under Indiana Trial Rule 52 if it relies on an incorrect legal standard. We evaluate questions of law de novo and owe no deference to a trial court's determination of such questions.

*Estate of Kappel v. Kappel*, 979 N.E.2d 642, 651-52 (Ind. Ct. App. 2012) (quotation marks and citations omitted). Moreover, "[w]e may affirm a judgment on any legal theory, whether or not relied upon by the trial court, so long as the trial court's findings are not clearly erroneous and support the theory adopted." *Id*. at 652 (citing *Mitchell v. Mitchell*, 695 N.E.2d 920, 923-24 (Ind. 1998)).[3]

[12] And, because Phoenix did not prevail at trial on its slander of title claim, it appeals from a negative judgment.

> A judgment entered against a party bearing the burden of proof is a negative judgment. *Smith v. Dermatology Assocs. of Fort Wayne*, 977 N.E.2d 1, 4 (Ind. Ct. App. 2012). On appeal from a negative judgment, this Court will reverse the trial court only if the judgment is contrary to law. *Comm'r, Ind. Dep't. of Envtl. Mgmt. v. RLG, Inc.*, 755 N.E.2d 556, 559 (Ind. 2001). A judgment is contrary to law if the evidence leads to but one conclusion and the trial court reached an opposite conclusion. *Infinity Prods., Inc. v. Quandt*, 810 N.E.2d 1028, 1032 (Ind. 2004) (citation omitted). In determining whether the trial court's judgment is contrary to law, we will consider the evidence in the light most favorable to the prevailing party, together with all reasonable inferences therefrom. *Smith*, 977 N.E.2d at 4. We neither reweigh the evidence nor judge the credibility of witnesses. *See Brand v. Monumental Life Ins. Co.*, 275 Ind. 308, 417 N.E.2d 297, 298 (1981). Further, "[w]hen appealing from a negative judgment, a

---

[3] Phoenix cites to *Plummer & Co., Inc. v. Cole*, 613 N.E.2d 481, 483 (Ind. Ct. App. 1993), for the proposition that a reviewing court may not affirm the judgment on any legal basis—whether relied upon by the trial court or not—when Rule 52 findings have been entered upon request of the parties. For that conclusion, *Plummer* relied upon *Vanderburgh Cty. Bd. of Comm'rs v. Rittenhouse*, 575 N.E.2d 663 (Ind. Ct. App. 1993); however, *Rittenhouse*—and, therefore, *Plummer*—have since been abrogated on those grounds by *Mitchell*, 695 N.E.2d at 920, 923-24.

party has a heavy burden to establish to the satisfaction of the reviewing court that there was no basis in fact for the judgment rendered." *Ind. & Mich. Elec. Co. v. Schnuck*, 260 Ind. 632, 298 N.E.2d 436, 440 (1973).

*Burnell v. State*, 56 N.E.3d 1146, 1149-50 (Ind. 2016).

# Waiver

[13]   Phoenix contends that the trial court erred in holding that Meadows did not slander Phoenix's title to the Property by filing a *lis pendens* notice that clouded the title.  In response, Meadows maintains that its filing of a *lis pendens* notice was absolutely privileged and, therefore, cannot constitute slander of title.  However, before we reach the merits, we must address Phoenix's claim that Meadows has waived its privilege argument by failing to raise it in the trial court.[4]

[14]   It is the general rule that an argument or issue raised for the first time on appeal is waived for appellate review.  *See, e.g.*, *Plank v. Cmty. Hosp. of Ind., Inc.*, 981 N.E.2d 49, 53 (Ind. 2013).  However, as another panel of this court has recently noted, "our [S]upreme [C]ourt has signaled a shift away from this rule, at least as far as appellees are concerned."  *Ind. Bureau of Motor Vehicles v. Gurtner*, 27 N.E.3d 306, 312 (Ind. Ct. App. 2015) (citing *Drake v. Dickey*, 12 N.E.3d 875,

---

[4] Phoenix also contends that Meadows has waived its privilege argument on appeal by failing to make cogent argument and citation to the record, in violation of Appellate Rule 46(A).  We disagree.  Meadows cited to relevant portions of the record in its Statement of Facts, and it extensively analyzed relevant case law in its argument section.

875 (Ind. 2014), and *Citimortgage v. Barabbas*, 975 N.E.2d 805, 813 (Ind. 2012)). For example, in *Citimortgage*, the Supreme Court held that a party who has prevailed in the trial court, i.e., the appellee, "may defend the trial court's ruling on any grounds, including grounds not raised at trial." 975 N.E.2d at 813. Thus,

> [u]nder *Citimortgage*, an appellant may not present an argument that was not presented to the trial court, *but this limitation does not apply to an appellee who seeks to affirm the trial court's judgment*. This rule is consistent with the presumption in all appeals that a trial court's judgment is correct as well as the general rule that on appeal we will affirm a judgment on any theory supported by the record. *See J.M. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 975 N.E.2d 1283, 1289 (Ind. 2012) ("[O]n appellate review the trial court's judgment will be affirmed if sustainable on any theory or basis found in the record.").

*Gurtner*, 27 N.E.3d at 312 (emphasis added).

[15] Here, appellee Meadows seeks an affirmance of the trial court's judgment in its favor regarding Phoenix's slander of title claim. Therefore, Meadows may raise any argument in support of that judgment, even if the argument was not raised in the trial court. *Id.* Meadows has not waived its privilege argument for purposes of appellate review.[5]

---

[5] Meadows has filed a Motion to Strike the portions of Phoenix's response brief that argue waiver. Meadows points out that it did argue below that a properly filed *lis pendens* notice cannot constitute slander of title, and it cites to its argument in support of its motion for involuntary dismissal and its proposed findings of fact and conclusions of law. However, we deny that motion as unnecessary, since we hold that Meadows may raise its privilege argument on appeal regardless of whether it raised it below.

# Slander of Title

[16] Phoenix asserts that Meadows slandered the title to the Property—thereby causing Phoenix $1.1 million in damages—by filing a *lis pendens* notice regarding the Property when Meadows knew it would not be able to fulfill the Purchase Agreement by assuming the mortgage on the Property. Indiana Code Section 32-30-11-3 contains the requirements for when a *lis pendens* notice must be filed:

> (a) This section applies to a person who commences a suit:
>
> (1) in any court of Indiana or in a district court of the United States sitting in Indiana;
>
> (2) by complaint as plaintiff or by cross-complaint as defendant; and
>
> (3) to enforce any lien upon, right to, or interest in any real estate upon any claim not founded upon:
>
> (A) an instrument executed by the party having the legal title to the real estate, as appears from the proper records of the county, and recorded as required by law; or
>
> (B) a judgment of record in the county in which the real estate is located, against the party having the legal title to the real estate, as appears from the proper records.
>
> (b) The person shall file, with the clerk of the circuit court in each county where the real estate sought to be affected is located, a written notice containing:

(1) the title of the court;

(2) the names of all the parties to the suit;

(3) a description of the real estate to be affected; and

(4) the nature of the lien, right, or interest sought to be enforced against the real estate.

The purpose of the *lis pendens* notice is:

> to provide machinery whereby a person with an in rem claim to property *which is not otherwise recorded* or perfected may put his claim upon the public records, so that third persons dealing with the defendant ... will have constructive notice of it. ([o]riginal emphasis.)

*Curry v. Orwig*, 429 N.E.2d 268, 272-73 (Ind. Ct. App. 1981) (quoting 4 W. Harvey and R. B. Townsend, Indiana Practice § 63.1(B) at 340 (1971)).

[17] A party who has a claim to title of real estate under a contract for the real estate's purchase "has the kind of interest that requires filing a *lis pendens* notice under the statute to protect third parties." *Trotter v. Ind. Waste Sys., Inc.*, 632 N.E.2d 1159, 1163 (Ind. Ct. App. 1994). That is, an interest in property based upon a purchase agreement—which is not publicly recorded—is similar to an in rem interest in property through either an unrecorded deed or an unrecorded mortgage; in all three instances, the filing of a *lis pendens* notice is required in order to inform interested third parties of the potential cloud upon the title of the property. *Id.*; *see also Guzzo v. Goodrich Quality Theaters, Inc.*, 679 N.E.2d

166, 169 (Ind. Ct. App. 1997) (holding a complaint seeking specific performance as to a land purchase agreement has the potential to convey ownership of the land, and the potential to convey ownership "causes the relief to be in rem"), *trans. denied*.

[18] Furthermore, statements made in a properly-filed *lis pendens* notice are absolutely privileged, and, therefore, defendants who file such a notice may not be held liable for slander of title. *Trotter*, 632 N.E.2d at 1163-64; *Curry*, 429 N.E.2d at 274. Similarly, a pertinent and relevant statement regarding title to property made in a judicial proceeding is absolutely privileged; therefore, "no right of action [for slander of title] accrues even though the statement would otherwise have been actionable." *Trotter*, 632 N.E.2d at 1162 (citing *Stahl v. Kincade*, 135 Ind. App. 699, 192 N.E.2d 493 (1963)).

[19] In this case, the trial court correctly found that, in 2007 and 2008, both parties in this case filed lawsuits in Texas and Indiana regarding their respective interests in the Property that was the subject of a Purchase Agreement. Thus, Meadows was required by Indiana law to file a *lis pendens* notice as to the Property, I.C. §32-30-11-3 and *Trotter*, 632 N.E.2d at 1163, and it properly did so. Therefore, the statements Meadows made regarding the Property in the *lis pendens* notice and the related lawsuits were absolutely privileged, and Meadows cannot be held liable, on the basis of those statements, for slander of

title. *Id.* The trial court judgment was not contrary to law, and the trial court did not err in denying Phoenix's claim for slander of title.[6]

# Conclusion

[20] Because Meadows is an appellee seeking an affirmance of a judgment in its favor, it may raise any argument on appeal in support of the judgment, including arguments it did not raise in the trial court. *Gurtner*, 27 N.E.3d at 312. And Meadows' *lis pendens* notice was absolutely privileged as a matter of law, *Trotter*, 632 N.E.2d at 1163-64; therefore, the trial court did not err in denying Phoenix's claim for slander of title based on the *lis pendens* notice.

[21] Affirmed.

Bradford, J., and Brown, J., concur.

---

[6] Because we find that Meadows's properly-filed *lis pendens* notice cannot, as a matter of law, constitute slander of title, we do not address the merits of Phoenix's slander of title claim or the trial court's finding that Meadows lacked the "malice" necessary to slander title. Appealed Order at 12-13. Nor do we address the damages claim related to the alleged slander of title.